OPINION OF THE COURT
Maurice C. Greenbaum, J.
The defendant, Howard Krimko, was issued the above-numbered summons on April 12, 1989 for an alleged violation of section 2 of Local Laws, 1987, No. 9 of the Village of Kings Point which amended section 1200 of ordinance I, the building zone ordinance of the Village of Kings Point (Building Ordi *823 nance). Section 1200 of the Building Ordinance provides, inter alia, that "radio and television antennae (other than parabolic antennae), when affixed to a building may extend not more than five (5) feet above the roof of the building but in no event more than thirty-five (35) feet above the mean level of the ground at the foundation of the building.” The defendant was charged with erecting and maintaining a communication tower 20 feet above the roof ridge of premises located at 435 East Shore Road in the Village of Kings Point.
The defendant entered a written plea of not guilty on April 17, 1989. On July 27, 1989, the defendant appeared in this court pro se, and prior to the presentation of the People’s case, presented excerpts from various decided cases and a copy of PRB-1, a memorandum opinion and order of the Federal Communications Commission (FCC) dated September 16, 1985 regarding Federal preemption of State and local regulations pertaining to amateur radio facilities. The defendant took the position that the amended Building Ordinance was constitutionally invalid because of the preemptive nature of FCC PRB-1. Although not so stated formally, the court deemed the defendant’s presentation to be a motion to dismiss.
A reading of PRB-1 indicates that it was not the intention of the FCC to establish an absolute preemption of all State and local ordinances and regulations; the order enunciated a policy of limited preemption. The FCC stated in paragraph 22: "In this situation, we believe it is appropriate to strike a balance between the federal interest in promoting amateur operations and the legitimate interests of local governments in regulating local zoning matters. The cornerstone on which we will predicate our decision is that a reasonable accommodation may be made between the two sides.”
The absolute preemption of the field suggested by the defendant is not supported by the language of PRB-1. Indeed, after noting the relationship between amateur station communications and the type and size of the antennas employed, the FCC specifically abjured a precise regulation of antenna size and height, stating in paragraph 25: "We will not, however, specify any particular height limitation below which a local government may not regulate, nor will we suggest the precise language that must be contained in local ordinances, such as mechanisms for special exceptions, variances, or conditional use permits. Nevertheless, local regulations which involve placement, screening, or height of antennas based on health, safety, or aesthetic considerations must be crafted to accom *824 modate reasonably amateur communications, and to represent the minimum practicable regulation to accomplish the local authority’s legitimate purpose.” (Emphasis supplied.)
In the absence of a showing that the Building Ordinance fails to accommodate the reasonable needs of the amateur radio community addressed by PRB-1, it is the view of this court that the Building Ordinance of the Village of Kings Point falls within the general parameters of permissible regulation, with leave for defendant to show that the Building Ordinance, as administered in this instance, conflicts with the amateur radio requirements of the FCC.
Motion to dismiss denied.
The case will be returned to the Trial Calendar.